## Ex parte GOLDSTEIN.

District Court, S. D. New York.
Dec. 11, 1939.

Robert Pomerance, of New York City, for petitioner.

M. S. & I. S. Isaacs, of New York City (Lewis M. Isaacs, Jr., of New York City, of counsel), for Marconi Realty Corp. and Marshal Jack Schwartz.

CONGER, District Judge.

The petitioner herein, Jacob Goldstein, filed a petition in bankruptcy on November 3, 1939, and was adjudicated a bankrupt on the same day. The bankruptcy proceedings are pending in the United States District Court for the Eastern District of New York.

On the 16th of November, 1939, the petitioner was arrested pursuant to a body-execution issued out of the Municipal Court of the City of New York, and subsequently on the 17th of November, 1939, was released on a bond from the New York County jail, where he was confined, and admitted to the liberties established for said jail, which is within the County of New York.

Petitioner contends that the arrest was illegal and unlawful, and that his detention was illegal and unlawful, pursuant to Section 9 of the Bankruptcy Act, 11 U.S.C.A. § 27, and Section 30 of the General Orders, 11 U.S.C.A. following section 53.

Pursuant to Section 9 of the Bankruptcy Act a bankrupt shall be "exempt from arrest upon civil process except in the following cases: * * * when issued from a State court having jurisdiction, and when served within such State, upon a debt or claim from which his discharge in bankruptcy would not be a release * * *".

The sole question, therefore, is whether the body execution was issued upon a debt or claim from which the discharge of petitioner herein in bankruptcy would, or would not, be a release.

The complaint in the original action charges defendant, with others, with unlawfully and wilfully injuring real property of plaintiff, etc., and asks for treble damages pursuant to Section 1433 of the Penal Law of the State of New York (Consol.Laws, c. 40), subdivision 3. The trial court found for the plaintiff and against the defendant in the sum of $88 actual damages, refusing to give treble damages and refusing a body execution.

The plaintiff appealed to the Appellate Term of the Supreme Court of the State of New York, Marconi Realty Corporation v. Goldstein et al., — Misc. —, 13 N.Y.S.2d 547, upon two points: (1) the refusal of the trial court to give treble damages, and (2) the statement of the trial court that no body execution should issue.

The issue as to whether or not the petitioner herein was guilty of "wilful and unlawful injury to real property" was squarely in issue before the Appellate Term, and from an examination of the briefs of both parties on appeal, this issue was fully set forth and argued on this point as well as on the point dealing with the question of the body execution. By its decision the Appellate Term met the issue squarely. They decided that the plaintiff should have treble damages and so ordered. There could be no treble damages unless the Court found that the plaintiff had "unlawfully and wilfully destroyed and injured the real property of the plaintiff".

The State court has therefore held that the damages to the real property was wilful. I see no reason, nor do I see any wisdom, in overruling this decision of the Appellate Term. I am forced to the conclusion that "unlawful and wilful" are practically synonymous with "wilful and malicious", and that therefore the arrest on the civil process, of petitioner, was upon a debt not dischargeable in bankruptcy, and therefore his arrest was justified.

■ The petitioner claims that by confinement to the jail limits of the County of New York, he is unable to attend his bankruptcy proceedings in Kings County. It is not necessary for me to pass on this question at this time. When the occasion arises, the petitioner has a full remedy set forth in General Order 30.

The Writ of Habeas Corpus is dismissed, and petitioner remanded to the custody of the Marshal within the jail-limits of the County of New York.

Settle order on notice.